1. Ras Jahmikes Matta
2. YCDC/#10696-046
3. 3165 King Ave East
4. Billings, MT - 59101
5.     Defendant Pro Se

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CASE NO: CR 10-10-BLG-RFC |
| Plaintiff, | |
| vs. | NOTICE OF MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY AND BRIEF IN SUPPORT WITH EXHIBITS |
| RAS JAHMIKES MATTA, | |
| Defendant. | |

Comes now the defendant, Ras Jahmikes Matta, Pro Se, and hereby gives notice of a motion under 28 U.S.C. § 2255 on the above-titled case that was brought before this court on January 25th, 2010

    Respectfully submitted this 28th day of June, 2021

                              By /s/ RAS JAHMIKES MATTA
                                (The defendant/Movant)

C.C.
Clerk of the U.S. District Court
United States Attorneys Office

(1)

PETITION UNDER 28 USC §2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| UNITED STATES DISTRICT COURT | FOR THE DISTRICT OF MONTANA BILLINGS DIVISION |

Ras Jahmikes Matta #10696-046 D.O.B. 10/03/1983
50 Crossroads Dr., Shelby, Montana, 59474

UNITED STATES OF AMERICA V. RAS JAHMIKES MATTA
D.C. NO. 1:10-cr-00010-RFC

## MOTION

1. Name and location of the court which entered the judgement of conviction under attack:
    United States District Court, District of Montana, Billings Div.
    James F. Battin United States Courthouse
    2601 Second Ave. North, Billings, Montana, 59101

2. Date of judgement of conviction: December 1st, 2010
3. Length of sentence: 96 months BOP / 36 months supervision.
4. Nature of offense(s) involved (all counts):
Title 18 U.S.C. § 922(g)(1) Felon In Possession of a Firearm
5. What was your plea?
   (a) Not guilty [ ]
   (b) Guilty [X] (open plea of guilt, no plea agreement)

(2)

6. Did you appeal from the judgement of conviction?
   YES [X]   NO [ ]

7. If you did appeal answer the following:
   (a) Name of court: 9th Circuit Court of Appeals
   (b) Result: Denied
   (c) Date of result:

8. Other than a direct appeal from the judgement of conviction and sentence, have you previously filed any petition(s), applications, or motions with respect to this judgement in any federal court?
   YES [ ]   NO [X]

9. State concisely every ground on which you claim that you are being held in violation of the constitution, laws, or treaties of the United States. Summerize BRIEFLY the FACTS supporting each ground:

A. Ground One:
Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

Supporting facts:
On December 15th, 2009, the defendant was apprehended based on an APB warrant for absconding. Based on that warrant and approval from the defendants probation officer the VOTF and other officers did a search of residence and vehicle and recovered two firearms which the defendant was charged for. The search and the warrant were not legal. Montana Department

(3)

of corrections and the Board of Pardons and Parole altered the defendants original sentence, and, moving two years there of, and adding it to the back end of the defendants second subsequent sentence. The defendant had already served the terms for both sentences. Without an order modifying his sentence, the DOC and BOPP lacked the authority to divy up the defendants sentence into parts, thereby, extending a period of probation that shouldn't have been which resulted into an illegal search and seizure, that violated the defendants rights.

B. <u>Ground Two</u>:

Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

<u>Supporting facts</u>:

"Because of my original sentence being modified by MDOC and the BOPP on their own authority, a two year portion of my sentence that should have been discharged on June 6th, 2006, was moved and attached to the backend of my second sentence causing an illegally extended period of probation to be served. I mentioned this fact to my probation officer at the time, Kelly Nash, and told her that I should be done with both of my sentences and I wasn't going to comply anymore because I should be threw with probation."

The defendant, believing correctly, that both terms should be over decided that he was no longer bound to check in at the Adult Probation and Parole office. This led to an absconding warrant

that led to an arrest, that followed an illegal search and seizure and a 4th and 5th amendment and civil liberty violations.

C. Ground Three:

Conviction obtained by use of a coerced confession

Supporting FACTS:

During the initial arrest, three other persons were brought in on the firearm investigation: 1) Bruce (Don) Jones, 2) Joseph Dean Lira, and 3) Brandon Finley. When ATF Agents came to interview the Defendant regarding the guns, the defendant initially denied they were his. At this time agents presented the defendant with a scenerio They offered to charge all four people with the firearm and went on to say that they had obtained "quite a few" different fingerprints off of the weapons and instructed the defendant to imagine "the anger" of everyone involved at the defendant for not confessing that the weapons were his. In Mr. Lira's case people were assaulted, intimidated and shot at. In Mr. Finley's case he had been implicated in stabbings, Mr Jones had been on parole at the time for assault. Its not hard to place oneself in the defendants position regarding the mental calculation of what could transpire if the defendant didn't confess. He didn't just confess the weapons were his. He went on to acquiesce to every alleged accusation the agents could conjure for the defendant regarding the use, carry, and intent of those firearms. It becomes abundantly clear that after such an "imagine" scenerio that his will had been overcome and it wouldnt be difficult to had gotten a confession for anything in that moment.

(5)

10. If any of the grounds listed in 9 A, B, or C were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

The unwarranted extension of probation wasn't realized till recently. It had been assumed on the record calculations were correct. In light of recent investigation, the record was not correct.

11. Do you have any petition or appeal now pending in any court as to the judgement under attack?

YES [ ]    NO [X]

12. Give the name and address of the attorney who represented you for this case:

David M. Merchant, Attorney
The Law Office of David Merchant
P.O. BOX 50336
Billings, MT - 59105 -
Phone: (406) 690-7380

13. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?

YES [ ]    NO [X]

(6)

14. Do you have any future sentence to serve after you complete this sentence imposed by the judgement under attack?

    YES [X]    NO [ ]

(a) If so, give name and location of Court which imposed sentence to be served in the future:

Thirteenth Judicial District - State of Montana

The Honorable: Colette B. Davies

District Judge - Department 7

P.O. Box 35043

Billings, Montana - 59107

(b) Give date and length of the above sentence:

January 14th, 2021, for The State of Montana v. Ras Jahmikes Matta case No: DC 20-0282  5 years to the Department of Corrections

(c) Have you filed, or do you contemplate filing, any petition attacking the judgement which imposed the sentence to be served in the future?

    YES [X]    NO [ ]

See: Montana Thirteenth Judicial District Court

Ras Jahmikes Matta v. The State of Montana

Case No: DV 21-0442

---

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON: June 28th, 2021

    _/s/_ (The defendant / Movant)

(7)

# ARGUMENT

According to the 4th Amendment: ( [We have] the right... to be secure in [our] persons, houses, papers, and effects, against unreasonable searches and seizures...); and,

according to Mont. Code Ann. § 46-18-801 (...if a person has been deprived of a civil or constitutional right by reason of conviction for an offense, and the person's sentence has expired or the person has been pardoned, the person's sentence has expired or the person has been pardoned, the person is restored to all civil rights and full citizenship, the same as if the conviction had not occurred.)

The defendant is claiming that his arrest and ultimate conviction for CR 10-10-BLG-RFC was illegal. The discovery of the firearms arose from an illegal warrant for absconding and led to an illegal search and vehicle search resulting from that warrant and probation approval. The defendant should never have been on probation during that period and was the result of a faulty sentence calculation imposed by the Department of Corrections and Board of Pardons and Parole.

On September 6th, 2001, the defendant had been sentenced to (5) years to the Department of Corrections with (2) years suspended and (92) days of credit for time served, on DJ-2001-02, out of Custer County.

On September 11th, 2001, the defendant was transported to the Montana State Prison, a 17 year old sentenced beneath the Youth Extended Jurisdiction Act, Mont. Code Ann. §41-5-1604, to begin

(8)

his sentence.

On June 20th, 2002, the defendant plead guilty to Aggravated Assault and for DC-02-011 out of Powell County the defendant received (5) years to the Department of Corrections with (1) year suspended and ordered to run consecutive to the defendants current sentence.

Upon receiving that sentence the defendant still had (2) years left on his custodial portion of his original sentence. According to Mont. Code Ann. §46-18-203 it was within the Powell County Attorney's Office, the Board of Pardons and Parole, or the Department of Corrections discretion to petition Custer County to revoke the defendants (2) year suspended portion for committing a new crime and/or requesting an order from them to alter or modify his original sentence in-accordance to the defendants new one, so as to run them together as a single sentence as seen in Example 3 on page 2 of Exhibit A.

(Revocation proceedings are matters over which the original sentencing court in a criminal case 'retains' jurisdiction.) State v. Oppelt, 184 Mont. 848, 53, 601 P.2d 394, 397 (1979)

For whatever reason, they elected not to file a petition to revoke the defendants suspended sentence, nor for an order modifying his original sentence. By not doing so, the defendant was carried under Mont. Code Ann. §46-23-217, appropriately headed: Service of Term For Additional Crime. After discharging from his original Custer County sentence into his subsequent Powell County sentence,

(9)

by default the two year suspended portion from his first sentence should have continued running along side his newer Powell County sentence.

Mont. Code Ann. § 46-18-401(3) concerning consecutive sentences stipulates: (If an unexpired sentence is merged pursuant to subsection (1), the Court that imposed the sentence shall modify it in-accordance., MCA, § 46-18-401(3))

But the sentencing judge can only modify the sentence being imposed to reflect the way any new sentence should look in addition to the original sentence, as the district court that rendered the original sentence retains jurisdiction over that sentence, see Oppelt 184 Mont 48, leaving the original sentence to remain otherwise unaltered.

(...However, the prisoner remains eligible for parole consideration under § 46-23-201 in-regard to the original sentence. If paroled from the original sentence, the prisoner shall begin serving the subsequent sentence.) Mont. Code Ann. § 46-23-217

The defendant contends that discharging into a seperate, consecutive sentence causes the suspended portion from the original sentence to become concurrent by default, much like paroling into a subsequent sentence, unless that suspended portion were to be revoked.

With recognition to the seperate jurisdictions that utilize parole and probation, their mechanisms practically run the same. It is an undisputed fact that the courts have the final say on a sentence and what is credited and how it should be calculated. Although BOPP

gain jurisdiction after an incarcerated sentence has been imposed, on their own authority they cannot alter, amend, or modify a sentence as they did in the defendants case.

A similar example is cited in the Mont. Code Ann. as good case law; headed as: Order to Serve Probation After Sentence Discharged Unwarranted, and correlates closely to the defendants situation and cites:

(Petitioner was sentenced to serve 15 years, with 10 years suspended for selling drugs in Sheridan County. While on parole for the Sheridan County conviction, petitioner pleaded guilty to selling drugs in Gallatin County and received two concurrent 12 year sentences. When discharged from prison on the Gallatin County charges, petitioner was placed on 10 years probation for the 10 year suspended sentence in Sheridan County. The Supreme Court ordered that the petitioner be discharged from probation on the Sheridan sentence, holding that the plain meaning of subsections (1)(b) and (5) of this section [Mont. Code Ann. § 46-18-401] require that the "original" Sheridan County sentence be served before the "new" Gallatin County sentence begins to run. Since the Gallatin County sentence has been discharged and the suspended portion of the Sheridan County sentence was merged in the Gallatin County sentence, the State has no authority to require petitioner to serve the suspended portion of the Sheridan County sentence consecutively with the end of the Gallatin County sentence.) Robbins v. McCormick, 258 M 429, 853, R2d 1205, 50 Mont. St. Rep 599 (1993) (Because a petitioner was also under suspended

sentence from one county at the time he was sentenced for an offense from a second county, Mont. Code Ann. § 46-18-401 (1)(b) required the suspended sentence from the first county to be merged into the sentences from the second county.) Id

Therefore, [A] federal district court has the power to vacate one of its judgements of conviction after the sentence for that conviction has expired when a constitutional right is at stake.) United States v. Morgan, 346 U.S. 502, 98 L.Ed 248, 74 S.Ct. 247

Since the discovery of the firearms was the result of an illegal arrest and search and seizure and in violation of the defendants rights it should be noted the collateral damage that conviction still has:

1) That charge activated a lifetime violent Registration Requirement which limits the defendants ability to freely seek treatment for his addiction, to readily find affordable housing, disqualifies him from certain jobs and even removes him from many gym memberships, such as YMCA.

2) It creates a high criminal catagory in his guidelines, and disqualifies him from the benefits usually awarded for RDAP completion.

3) It crippled the defendant economically by stealing away an unrefundable portion of the defendants life, years normally called a persons prime years (between 25 to 35 years of age.)

## CONCLUSION

Whereby, on December 15th, 2009, the defendant should not

(12)

have been on supervision from his Custer County case (DJ 01-02). The complete discharge of that case being June 10th, 2006. And according to the statute defined in Mont. Code Ann. § 46-18-801(2) the defendant was a free man with full civil rights restored after discharging his subsequent sentence, (10C 02-011), from Powell County on September 25th, 2009, as well as protected under his 4th and 5th Amendment rights from any unlawful arrest; or search of his person, property, papers, and effects; and the federal conviction (CR 10-10-316-RFC) which resulted from these rights violations.

Wherefore, we beg this court to grant the defendants 28 USC § 2255 motion to vacate his CR 10-10-316-RFC conviction and further move this court to consider such an order as relieving the defendant of the undue burden this conviction has created by causing a lifetime Violent Registration Requirement, as well as, being a disqualifying factor in many definite benefits available for the defendant, such as housing or some places for treatment.

Whereby the defendant prays that this court may grant the relief that the defendant is entitled to.

Most humbly and respectfully submitted,
This 28th day of June, 2021

/s/
(The Movant/Defendant: Ras J. Matta)
A citizen of the united States of America
and resident of the state of Montana

(13)

VERIFICATION

UNITED STATES OF AMERICA )
                         : ss.
STATE OF MONTANA         )

I, Ras Jahmikes Matta, states as follows:
I have read the foregoing §2255 Motion to Vacate, set Aside, or correct sentence By A Person In Federal Custody and know the contents thereof, and the same is true of my own knowledge, information and belief.

DATED this 28th day of June, 2021

*[signature]*

(14)